UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JORGE ALTAMIRANO ZARATE,<br><br>Defendant. | No. 2:19-cr-00104-TLN<br><br>**ORDER** |

This matter is before the Court on the Government's Motion to Dismiss the Indictment. (ECF No. 76.) Also before the Court is Defendant Jorge Altamirano Zarate's ("Defendant") Motion to Dismiss the Indictment with Prejudice and Request to Adopt Factual Basis for Ruling. (ECF No. 78.) The Government filed an opposition. (ECF No. 80.) For the reasons set forth below, the Court GRANTS the Government's motion and GRANTS in part and DENIES in part Defendant's motion.

///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On March 2, 2020, United States Border Patrol officers apprehended Defendant illegally entering the United States from Mexico. (ECF No. 78 at 1–2.) On March 5, 2020, Defendant appeared in the Southern District of Texas, was appointed counsel, pleaded guilty to illegal entry in violation of 18 U.S.C. § 1325(a)(1), was adjudged guilty, and was placed on five years of unsupervised probation. (*Id.* at 2.)

On March 6, 2020, Defendant was arrested on a warrant issued by the Eastern District of California based on charges pending in this district. (*Id.*) More specifically, the Indictment charges Defendant with one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and four counts of distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). (ECF No. 12.) Defendant was arraigned on the charges in this matter in the Southern District of Texas. (ECF No. 78 at 2.) Defendant was appointed counsel, held without bond, and ordered removed to the Eastern District of California. (*Id.*)

Defendant made his initial appearance in this district on May 19, 2020. (*Id.*) The Government moved for detention, and Defendant was ordered detained on May 20, 2020. (*Id.*) After a bail review hearing on July 16, 2020, Defendant was ordered to be released on the following day. (*Id.*) On the morning of July 17, 2020, United States Immigration and Enforcement ("ICE") officials took Defendant into custody and deported him. (*Id.* at 3.) The Government filed its motion to dismiss the Indictment on September 9, 2020, and Defendant filed his motion to dismiss on September 11, 2020. (ECF Nos. 76, 78.)

### II. STANDARD OF LAW

A court may dismiss an indictment under its supervisory powers for three reasons, including: (1) to remedy a constitutional or statutory violation; (2) to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or (3) to deter future illegal conduct. *United States v. Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991) (citations omitted). However, dismissal is only "appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *Id.* at 1092.

### III. ANALYSIS

The parties agree the Indictment should be dismissed. Their disagreement lies in whether the Indictment should be dismissed with or without prejudice.

At the outset, the Court agrees dismissal is appropriate. "If the government, by placing [a defendant] in immigration detention or removing him, jeopardizes the district court's ability to try him, then the district court may craft an appropriate remedy." *United States v. Santos-Flores*, 794 F.3d 1088, 1091 (9th Cir. 2015). Here, it is undisputed that the Government's failure to intervene in Defendant's deportation has jeopardized the Court's ability to try Defendant. Moreover, there is no indication the Government has made any provisions for Defendant's return to the United States, and Defendant's whereabouts are currently unknown. *See United States v. Perez-Canez*, No. CR-18-00229-PHX-JJT, 2020 WL 1000029, at *3 (D. Ariz. Mar. 2, 2020) ("Since neither party purports to know where Defendant is located and his release conditions do not require him to facilitate his attendance at further proceedings in this matter, the Court finds that ICE's actions have jeopardized the Court's ability to try Defendant and therefore dismisses the Indictment on those grounds.").

As to whether the Indictment should be dismissed with or without prejudice, Defendant argues the Court should dismiss the indictment with prejudice because Defendant — now barred from reentry into the United States — "suffers permanent prejudice to the fundamental fairness of a trial on these charges." (ECF No. 78 at 9.) For its part, the Government argues that dismissal without prejudice will adequately remedy Defendant's constitutional concerns and is a "lesser remedial action" pursuant to *Barrera-Moreno*. (ECF No. 80 at 2.)

The Court has read and considered the case law cited by both parties. Notably, Defendant does not provide binding authority requiring the Court to dismiss the indictment with prejudice. Further, the Government points to several district court decisions wherein courts have chosen to dismiss indictments without prejudice under similar circumstances. *See, e.g.*, *United States v. Coronado-Vejar*, No. CR-19-01962-001-TUC-RM (BGM), 2020 WL 4334983, at *2 (D. Ariz. July 28, 2020); *United States v. Resendiz-Guevara*, 145 F. Supp. 3d 1128, 1140 (M.D. Fla. 2015). In this case, there is no evidence of bad faith on the part of the Government that might warrant

dismissal with prejudice.  *See Perez-Canez*, 2020 WL 1000029, at *3.  Should Defendant reenter the United States and be prosecuted on these charges in the future, "the parties will be free to raise arguments related to the prejudice that resulted to Defendant from deportation during his criminal case and his subsequent inability to adequately communicate with his counsel." *Coronado-Vejar*, 2020 WL 4334983, at *2.  For all these reasons, the Court DISMISSES the Indictment without prejudice.

In addition, Defendant requests the Court adopt the factual basis as set forth in § I of his motion.  (*See* ECF No. 78 at 1.)  The Government does not respond to Defendant's request.  Therefore, the Court GRANTS Defendant's request and ADOPTS the factual basis as set forth in § I of Defendant's motion (ECF No. 78 at 1–3).

### IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion (ECF No. 76) and GRANTS in part and DENIES in part Defendant's motion (ECF No. 78.)  Defendant's motion is GRANTED only as his to request to adopt the factual basis as set forth in § I of his motion.  (*See* ECF No. 78 at 1–3).  The Court DISMISSES the Indictment (ECF No. 12) without prejudice and directs the Clerk of Court to close the case.

IT IS SO ORDERED.

DATED:  November 2, 2020

Troy L. Nunley
United States District Judge